IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09cr132-MEF |
| | ) | |
| ALJAWON MILES | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant Aljawon Miles has filed a Motion to Dismiss (Doc. #12), alleging that the Middle District of Alabama is not the proper venue for this prosecution. The United States has filed a Response (Doc. #20), and Defendant filed a Reply (Doc. #22). Based upon the Court's review of the briefs of the parties and applicable law, the undersigned Magistrate Judge RECOMMENDS that the Motion to Dismiss be DENIED.

**I.    BACKGROUND**

In a one-count Indictment (Doc. #1) filed July 29, 2009, it was alleged that, in or about December 2008, Defendant, "a person required to register under the Sex Offender Registration and Notification Act, did travel in interstate commerce from Russell County, Alabama to Crawford County, Kansas, and did reside in Crawford County, Kansas until on or about April 15, 2009, and did knowingly fail to register as a sex offender in Kansas and update his registration as required by the Sex Offender Registration and Notification Act [("SORNA")], in violation of Title 18, United States Code, Section 2250(a)."

Pursuant to an Order (Doc. #17) of this Court, counsel for the parties met and

1

stipulated to the following relevant facts:

> Defendant's predicate conviction for SORNA purposes is a 2001 conviction of sexual assault/rape in the second degree. Defendant's conviction was for an offense that required him to register as a "sex offender" pursuant to Title 18, United States Code § 16911, the SORNA. According to the Russell County Sex Offender Registry, Defendant last registered as a sex offender on September 28, 2008.

Gov. Brief (Doc. #20) at 1-2.

## II.   DEFENDANT'S CLAIM

Defendant challenges venue, arguing that "the location of the alleged crime is Kansas, where the Government alleges that Mr. Miles went to, and not Russell County, Alabama." Def.'s Brief (Doc. #12) at 3. And, because "[p]roceedings against a person charged with committing a federal offense are to be brought in the district and division in which the offense was committed," venue would be proper in Kansas and not the Middle District of Alabama. *Id.* (citing 18 U.S.C. § 3232; Fed. R. Crim. P. 18). The Government responds that venue is proper either here or in Kansas, because "[a]s charged, the Defendant's violation of section 2250 began in Alabama and ended in Kansas." Gov.'s Brief (Doc. #20) at 3.

## III.   ANALYSIS

The issue of venue under SORNA prosecutions has been raised before several courts, and, although there has yet to be a decision from the United States Court of Appeals for the Eleventh Circuit regarding venue, Defendant was unable to provide the Court with any decisions from other courts finding merit in his argument. On the contrary, courts have found venue to be proper in both the state the SORNA defendant has left, and the state to

which he or she has traveled.  *See, e.g. United States v. Howell*, 552 F.3d 709, 718 (8th Cir.2009); *United States v. Thompson* 595 F. Supp. 2d 143  (D. Me. 2009); *United States v. Cochran*, 2008 WL 2185427, at *3 (E.D. Okla. May 23, 2008); *United States v. Roberts*, 2007 WL 2155750, at *2-4  (W.D. Va. July 27, 2007).

"Criminal defendants have a constitutional and statutory right to be tried in the state and district in which the crime was committed." *United States v. Burroughs*, 830 F.2d 1574, 1580 (11th Cir. 1987).  Taking the facts as alleged in the indictment as true,[1] Defendant: (1) traveled to Kansas from Alabama; (2) resided in Kansas from December of 2008, to April of 2009; (3) failed to register in Kansas; and (4) failed to update his registration as required by 18 U.S.C. § 2250.  *See Indictment* (Doc. #1).

Thus, because the Indictment alleges Defendant's unlawful conduct began in Alabama, the Government argues that venue is proper in Alabama pursuant to 18 U.S.C. § 3237(a) ("any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued or completed.").  Gov's. Response (Doc. #20) at 3.  Defendant argues in his Reply that SORNA is not violated until a defendant fails to register within three days of establishing a new residency.  Therefore, any violation must have occurred in Kansas and "cannot be a continuing offense."  Def's. Reply (Doc. #22) at 1-2.

---

[1] *See United States v. Sharpe,* 438 F. 3d 1257, 1259 (11th Cir. 2006).

Defendant misunderstands the Government's claim. Under § 3237(a) venue is proper in any jurisdiction where an offense "was begun, continued or completed." The Government is not suggesting venue is proper in this district as a "continued offense" but as the place where the crime "was begun." Thus, the Court need not engage in a "continuing offense" analysis for purposes of venue, but must determine if the offense was begun in this district.

According to the facts to which the parties stipulated, Defendant last registered as a sex offender in Russell County, Alabama. Gov's. Brief (Doc. #20) at 2. As stated above, at some point, Defendant traveled to Kansas from Alabama, and resided in Kansas from December of 2008, to April of 2009, without registering. "A sex offender violates SORNA only when he or she moves between states. Thus, a SORNA violation involves two different jurisdictions." *Howell*, 552 F.3d at 718. It would appear then, that " [Defendant's] failure to register his move and inform [Alabama] of his new [Kansas] residence was a material part of the § 2250 violation, and venue is proper in the [Middle District of Alabama]." *Id.*

Defendant argues that 42 U.S.C.A. § 16913(a) requires that Defendant register in the jurisdiction in which he resides, which, pursuant to the indictment, was Kansas. According to Defendant, § 16913(c)'s requirement that he "appear in person in at least one jurisdiction involved pursuant to subsection (a)" to change the registration is only fulfilled by registering in Kansas, because "'[a]t least one' cannot plausibly be read as 'both.'" Def's. Reply (Doc. #22) at 4. Therefore, Defendant argues, any violation for SORNA purposes occurred only in Kansas and venue is proper there.

4

This argument, which Defendant raised in his Reply, appears based, word for word, on the analysis of the court in *Roberts*, 2007 WL 2155750 at*3-4.  However, as the court in *Thompson* stated when discussing the *Roberts* opinion: "This did not end the analysis."  595 F. Supp. 2d at 150.

"The question is thus[,] whether [Alabama] is a 'jurisdiction involved' for the purposes of subsection (a).  If so, then Defendant['s] omission has occurred in both states, and can be prosecuted in either district."  *Roberts*, 2007 WL 2155750 at *3.  In other words, if Alabama is a "jurisdiction involved," it is irrelevant whether the indictment specified that Defendant resided in Kansas and was required to register in Kansas, because Defendant's failure to register pursuant to subsection (c) put him in violation of subsection (a) in *both* jurisdictions.

"When the defendant [] moved from one jurisdiction to another and failed to register within three days, his 'nominal residence' for SORNA purposes remained the state he had left.  Thus, [] the original state was 'involved' in the sense used by SORNA and prosecution in the original state satisfie[s] the venue requirements."  *Thompson*, 595 F. Supp. 2d at 150 (citing *Roberts*, 2007 WL 2155750 at*3-4 and *Cochran*, 2008 WL 2185427 at *3 ("Given that Defendant left Oklahoma, where he was registered, Oklahoma is one of the jurisdictions involved, and thus suit in Oklahoma is proper.")).  Accordingly, Alabama is "involved" for SORNA purposes and is a proper venue.

5

### IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss Indictment (Doc. #12) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before November 10, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of October, 2009.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE